IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JOSE MORALES ALEJANDRO

    Plaintiff

            v.                        **CIVIL NO. 05-1466 (JAG)**

M C S

    Defendant

## REPORT AND RECOMMENDATION

The parties to this ERISA action have cross-moved for judgment on the administrative record (Docket Nos. 25 and 37). Having reviewed both motions, as well as the administrative record (Docket No. 17), the Court concludes that defendant's motion (Docket No. 37) must be **GRANTED**, and in turn, plaintiff's motion (Docket No. 25) must be **DENIED**.

In ruling on the matter before it the Court employs an "arbitrary and capricious" standard of review. Matías Correa v. Pfizer, Inc., 345 F. 3d 7, 11-12 (1st Cir. 2003). Under this extremely limited scope of review, the sole issue for the Court to determine is whether the record evidences that the defendant had substantial evidentiary grounds for a reasonable decision in its favor. Id. The fact that the Court may disagree with the insurer's decision, or would have reversed the same under a de novo standard, is inconsequential under the "arbitrary and capricious" analysis. Id. at 11.

The administrative record reveals that in an independent medical evaluation Dr. Ramírez determined that plaintiff's condition was stable and that he suffered from mild persistent bronchial asthma. More so, Dr. Ocasio, an independent occupational medical consultant opined that plaintiff suffered from a mild pulmonary condition which was stable. He also noted that plaintiff sent no medical records. Based on this, he recommended that plaintiff's LTD benefits be terminated. On the other hand, plaintiff provided a medical certificate from Dr. Castillo Volckers stating that he was unable to work, as well as copies of his hospitalizations and medicines prescribed.

In light of the above evidence, the defendant's decision cannot be said to be "arbitrary and capricious". More so, the Court may not impose on defendant the burden of explaining why Dr. Castillo Volcker's opinion was not given controlling weight over that of Drs. Ramírez and Ocasio. See The Black and Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). It is up to a plan's administrator, not the Court, to choose between various reasonable alternatives, as is the case here. Jestings v. New England Telephone and Telegraph Co., 757 F. 2d 8, 10-11 (1st Cir. 1985).

**Civil No. 05-1466 (JAG)**                     2

Plaintiff's argument that defendant should have afforded controlling weight to the Social Security Administration's disability determination also fails. This is simply not the law. See Whitaker v. Hartford Life and Accident Insurance Co., 404 F. 3d 947, 949 (6th Cir. 2005) (holding that failure of plan to afford SSA determination controlling weight did not render decision "arbitrary and capricious").

Finally, plaintiff contends that the LTD plan and its summary plan description are inconsistent, thus the LTD is controlling. Assuming plaintiff is correct in his characterization, his argument also fails. Where the language of the LTD plan and summary description are in conflict, the latter governs. See Foltice v. Guardsman Products, Inc., 98 F. 3d 933, 938 (6th Cir. 1996); Chiles v. Ceridian Corp., 95 F. 3d 1505, 1518 (10th Cir. 1996); Hansen v. Continental Ins. Co., 940 F. 2d 971, 982 (5th Cir. 1991); Heidgerd v. Olin Corp., 906 F. 2d 903, 907 (2nd Cir. 1990).

Under the provisions of 28 U.S.C. § 636 and Local Rule 72(d), District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of the Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111(1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992).

**SO RECOMMENDED**.

Date:   January 11, 2006

*S/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States Magistrate Judge