IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE MORALES-ALEJANDRO,<br><br>**Plaintiff(s)**<br><br>v.<br><br>MEDICAL CARD SYSTEM, INC.,<br>**Defendant(s)** | **CIVIL NO.** 05-1466(JAG) |

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

The parties to this ERISA action have cross-moved for judgment on the administrative record. The claim at bar is one for reinstatement of terminated benefits, reimbursement of medical expenses, and payment of past benefits under a Long Term Disability (LTD) Plan. On November 14th, 2005, the Court referred the matter to a Magistrate-Judge for a Report and Recommendation (R&R). (Docket No. 34).

On January 11th, 2006, Magistrate-Judge Gustavo A. Gelpi issued an R&R to grant the defendant's motion and to deny plaintiff's, as he found that the defendant's decision to terminate plaintiff's LTD benefits was not arbitrary and capricious. Specifically, the Magistrate-Judge found that the independent medical evaluations rendered by doctors Ramirez and Ocasio, concluding that plaintiff's pulmonary condition was mild and stable, led defendant to discontinue disability benefits. The R&R also notes that the Court

Civil No. 05-1466 (JAG)                                            2

may not impose on defendant the burden of explaining why it did not give controlling weight to the medical opinion provided by Dr. Castillo Volckers, who certified that the plaintiff was unable to work, since "it is up to a plan's administrator, not the Court, to choose between various reasonable alternatives."  The Magistrate-Judge further found that the defendant's failure to afford a Social Security Administration (SSA) determination controlling weight did not render the decision arbitrary and capricious, and that when the language of the LTD plan and the Summary Plan Description (SPD) are in conflict, the latter governs.[1]  Plaintiff filed objections to the R&R on January 12th, 2006.  (Docket No. 39).

## STANDARD OF REVIEW

1) ERISA Standard

In ruling on the matter at hand, the Court employs an "arbitrary and capricious" standard of review.  Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Matias-Correa v.

---

[1]   Article 2 of the LTD Plan defines "total disability" as:

   [t]he complete inability of an employee to perform substantially all the material duties of his or her regular occupation as it is generally performed in the national economy, or perform another occupation for which the employee is qualified and can earn at least 75% of pre disability Compensation.

   The SPD, on the other hand, defines "totally disabled" as "unable to engage in any and every duty pertaining to any occupation or employment for which you are qualified, or become reasonably qualified by training, education or experience." (Docket No. 39 at 5 & 9).

Civil No. 05-1466 (JAG)                                              3

Pfizer, Inc., 345 F.3d 7, 11-12 (1st Cir. 2003). Under this extremely limited scope of review, the sole issue for the Court to determine is whether the record shows that the defendant had substantial evidentiary grounds for a reasonable decision in its favor. Id. The fact that the Court may disagree with the insurer's decision, or would have reversed the same under a de novo standard, is inconsequential under the "arbitrary and capricious" analysis. Id.

### DISCUSSION

The plaintiff alleges that the R&R omits "critical facts related to the plaintiff's claim and contains errors." (Docket No. 39 at). Through this objection, plaintiff essentially attacks the Magistrate-Judge's approval of: 1) the defendant's decision to adopt the medical evaluation provided by Dr. Ramirez and Dr. Ocasio over that of treating physician Dr. Castillo Volckers; and 2) the defendant's decision not to give controlling weight to the SSA's disability determination.

After a careful review of the defendant's objections, the Court finds that the plaintiff does not present substantial arguments to rebut the Magistrate-Judge's legal conclusions on both scores, which were essentially based on his reading of Black and Decker Disability Plan v. Nord, 538 U.S. 822, 834 (2003). In Black and Decker, a unanimous Supreme Court held that "[n]othing in the Act [ERISA] itself...suggests that plan administrators must accord special

deference to the opinions of treating physicians...[n]or does the Act impose a heightened burden of explanation on administrators when they reject a treating physician's opinion." In so ruling, the Court noted that the "critical differences between the Social Security disability program and ERISA benefit plans, caution against importing a treating physician rule from the former area into the latter." Id, at 832-833.

Consequently, this Court rules that the Magistrate-Judge did not err by sustaining the defendant's decision not to afford controlling weight to the treating physician's opinion and to the SSA determination of disability. See Whitaker v. Hartford Life Insurance, 404 F.3d 947, 949 (6th Cir. 2005)(where the Court recognized "the incongruity of binding an ERISA plan administrator to the SSA's disability determination, when the SSA--but not the ERISA administrator--is bound by law to accord special deference to a claimant's treating physician").

Plaintiff also objects to the Magistrate-Judge's recommendation to give controlling weight to the language in the SPD, as he contends that the defendant impermissibly changed the terms of the LTD plan through it, making it more onerous to the plaintiff. Moreover, plaintiff claims that the caselaw cited by the Magistrate-Judge is inapposite to the case at bar inasmuch as in the cited cases the terms of the SPD were more favorable to the employee. Assuming this to be true, the Court nonetheless finds that plaintiff

Civil No. 05-1466 (JAG)                                              5

fails to address this issue under the standard set forth by the First Circuit in <u>Bachelder v. Communications Satellite Corp.</u>, 837 F.2d 519, 522-523 (1st Cir. 1988). In that case, the Court held that, although the summary plan is binding on a plan administrator, such relief is only appropriate if the participant demonstrates prejudice derived from a significant or reasonable reliance on the plan summary. Further, the First Circuit has emphasized that "[i]t is not enough to show a 'mere expectation' that benefits will materialize; action must have been taken in reliance on reasonable expectations formed after reading the Plan Summary." <u>Mauser v. Raytheon Co. Pension Plan</u>, 239 F.3d 51, 55-56 (1st Cir. 2001)(citing <u>Bachelder</u>); <u>see also</u> <u>Weinreb v, Joint Orthopaedic Institute</u>, 404 F.3d 167, 171 (2nd Cir. 2005); <u>Burke v. Kodak Retirement Income Plan</u>, 336 F.3d 103, 112 (2nd Cir. 2003).

A review of the record shows that plaintiff, <u>at most</u>, expected the benefits to keep on coming. Nonetheless, he does not demonstrate that his reliance on any of the two competing definitions (the LTD and the SPD's) led him to take actions that have caused him prejudice. In fact, plaintiff does not even mention the <u>Bachelder</u> analysis.

Civil No. 05-1466 (JAG)                                                  6

In light of the foregoing, the Court rules that the defendant's decision to terminate plaintiff's benefits was not arbitrary or capricious and, accordingly, **ADOPTS** the R&R in its entirety.[2]

## CONCLUSION

For the reasons discussed above, the Court **GRANTS** the defendant's motion and **DENIES** the plaintiff's. Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 20th day of June, 2006.

> S/Jay A. Garcia-Gregory
> JAY A. GARCIA-GREGORY
> United States District Judge

---

[2] Plaintiff alleges that the R&R "deprived plaintiff of discovery on the issue of conflict of interest," and that it "fails and refuses to allow plaintiff to amend his pleadings." (Docket No. 39 at 2). This is not true. The R&R does not address these issues. Both the motion for discovery and the motion for leave to amend the pleadings were independently denied by the Court prior to the Magistrate issuing the R&R. (Docket No. 20). Plaintiff moved for reconsideration of both orders, but the motion was denied because it was filed after the ten (10) day period prescribed by Fed.R.Civ.P. 59(e) had elapsed. (Docket No. 36).